CASE 58—ACTION BY J. L. WILSON AGAINST THE ALPINE COAL CO., FOR
PERSONAL INJURIES.—JUNE 10.

# Wilson v. Alpine Coal Co.

APPEAL FROM PULASKI CIRCUIT COURT—T. Z. MORROW, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

MASTER AND SERVANT—INJURY TO SERVANT—MINES—FALLING MA-
TERIAL—INSPECTION—NEGLIGENCE—PLEADING.

1. Where plaintiff was engaged to assist an engineer in locat-
ing an entry in a coal mine, and in the performance of his duties
was stationed at a point in the entry of the mine, and while
standing there was injured by the falling of coal and stone from
the roof of the mine, he was entitled to assume before entering
the mine, that defendant had properly inspected the roof and had
made it reasonably safe for plaintiff to enter.
2. Where plaintiff was injured by the fall of stone from the roof of
a mine into which he was directed to go while assisting defend-
ant's surveyor in locating an entry, the facts that the roof of the
mine was not supported by props at the point where it fell, and
that the material overhead was shelly, full of seams, cracks, etc.,
were sufficient to establish negligence on the part of the mine
owner in failing either to properly inspect or support the roof.
3. Where, in an action for injuries to a servant by the falling of
stone from the roof of a mine, the petition alleged that the mine
was in an unsafe and dangerous condition by reason of the care-
lessness and negligence of defendant, it was sufficient without
an allegation that defendant knew of the unsafe and dangerous
condition of the mine.
4. In an action for injuries to a servant by the falling of stone from
the roof of a mine, plaintiff's omission to charge that he did not
know the unsafe and dangerous condition of the mine, and could
not have known it by the exercise of ordinary care, was cured
by the answer, which averred that plaintiff had notice of the
dangerous condition of the roof and was notified not to place
himself at that point.

VIRGIL P. SMITH AND W. A. MORROW, ATTORNEYS FOR APPELLANT.

Our contention is:
1. That the allegations of plaintiff's petition "that by the care-
lessness and negligence of the defendant and superintendent and

Wilson v. Alpine Coal Co.

those in charge and control of the mines, large quantities of slate and stone lying about the vein of coal and in the entry of said mine where the coal had been removed from, and in the entry where his duties called him had become loose, unsafe and danger-ous, and was suffered and permitted to remain loose, unsafe and dangerous to persons entering said mines and with no support thereunder," were sufficient to authorize   the questions of the defendant's knowledge of its dangerous and unsafe condition to be submitted to the jury.

2. Where it was no part of the plaintiff's duty to inspect the mines, and their safety was not directly connected with his em-ployment, and he had no opportunity to inspect them, it was not necessary for him to allege that he did not know that they were unsafe.

3. Under the statutes (sec. 2732), it was the duty of the master to prop the roof of the mine and this is not only made obligatory of him, but a penalty is provided for a failure to do so.

4. Even if the petition was defective in failing to allege that the plaintiff knew the mines were defective, the answer alleged that he knew it, and this allegation was denied by the reply and the issue was thus made.

5. Appellant testified that he did not know of the unsafe con-dition of the roof and could not have known it, and the issue being thus formed we submit that the court should have submitted the question to the jury, and erred in giving a peremptory in-struction to the jury to find for the defendant.

6. It was shown by the proof that the superintendent of the mines knew that the roof was unsafe and his knowledge was the knowledge of the master.

### CITATIONS.

C. & N. Ry. Co. v. Venable, 23 Ky. Law Rep., 429; Ky. Stats., sec. 2732; Crabtree Coal Mining Co. v. Sample's Adm'r, 24 Ky. Law Rep., 1703; Gibson v. R. R. Co., 46 Mo., 163.

O. H. WADDLE, ATTORNEY FOR APPELLEE.

Plaintiff was employed to assist in making a survey of the mines and while so engaged a part of the roof fell and injured him, the falling having been caused by a hole having been bored in the roof by plaintiff's co-employes.

We insist that the action of the court in peremptorily instruct-ing the jury to find for the defendant was proper:

1. Because plaintiff's petition failed to state a cause of action.

2. Because there was not a scintilla of evidence showing any actionable negligence against the defendant.

3. We submit that the declarations of an employe as to the condition of the roof made after the accident is not competent evidence because not part of the *res gestae*.

4. The slate that fell and injured plaintiff was immediately over the coal car track where it was not possible to prop it except by the running of cross bars under the roof and over the track.

5. The circumstances showed that the defendant did not and could not have known by the exercise of ordinary care that such danger existed and that the injury to plaintiff was the result of an accident that is liable to happen at any time, in any coal mine.

### AUTHORITIES CITED.

Bogenschutz v. Smith, 84 Ky., 330; Mellott v. L. & N. R. R. Co., 101 Ky., 212; Am. & Eng. Ency. of Law, p. 99; 21 Am. & Eng. Ency of Law, 106; L. & N. R. R. Co. v. Ellis' Admr., 97 Ky., 330; L. & N. R. R. Co. v. Webb, 99 Ky., 332; Hughes v. L. & N. R. R., Co., 104 Ky., 773; O'Donald's Adm'r v. Louisville Elec. Light Co., 21 R., 1362.

Opinion of the court by JUDGE PAYNTER.—Reversing.

Appellee operates a coal mine. Appellant was an employe of the appellee, and was assisting an engineer in the employ of appellee in surveying and locating an entry in the mine, and in fixing the courses and distances for the information of those engaged in mining coal. The employ of appellant was that of a common laborer, and he performed his duty under the direction of the engineer. His position was similar to that of a chain carrier in surveying the surface of land. The evidence conduces to show that they were engaged in the work at night by the aid of lamps; that the engineer had stationed the appellant at a point in the entry of the mine to hold a lamp to aid in the measurement of the distance between that and another point, and while standing there large quantities of coal and stone fell from the roof of his foot, and crushed it; that the roof of the mine

was not supported by props or supports at the place where the accident happened, to prevent it from falling; that the character of the material overhead was shelly and full of seams and cracks; and that the safety of those entering the mines required a support overhead. The foregoing is the substance of the evidence offered on the trial. The court gave the jury a peremptory instruction to find for the defendant. Appellee urges that the court did not err, because (1) that the evidence did not authorize the submission of the case to the jury; (2) that the petition did not state a cause of action.

Appellant was not engaged in mining coal; he had nothing to do with the operations in the mine, except to serve under the engineer in making a survey for the purpose of locating an entry, etc. To discharge this duty it was necessary to go into the entry of the mines on the occasion when he was injured. It was not his business to inspect the mines; he had the right to rely upon the appellee to perform that duty and to keep the mines in a reasonably safe condition. Before entering the mines, appellant had the right to assume that the appellee had performed its duty in that respcet. The master is not held bound as the insurer of the safety of the place in which he puts his servant, but he is bound to exercise that care and diligence, proportionate to the occupation, which a reasonably prudent man would exercise under like circumstances, both to provide and keep in a reasonably safe condition the place where the servant is put at work. This duty is personal to the master, and can not be so delegated as to relieve him of liability. It is the duty of a master operating a coal mine to have the duty of inspection performed by a competent inspector, for the eye of such one might discover defects in the mines which might not be discovered by a servant, and, if it was, he

might not fully comprehend its significance and the danger threatened. Ashland Coal & Iron Co. v. Wallace, 101 Ky., 626, 19 R., 849, 42 S. W., 744, 43 S. W., 207. If the roof was in the condition described in the testimony, if an inspection had been made its dangerous condition would have been discovered. The fact that it remained in that condition indicates that it was not inspected, or that, if it was, the appellee failed to have proper supports placed under the roof, and thus prevent it imperiling the lives of its servants. If the testimony of the appellant be true, but one inference can be drawn from it, and that is that the appellee was guilty of negligence in allowing the roof of the mine to remain in the condition shown by the testimony.

It is averred in the petition: "That, by the carelessness and negligence of the defendant and the superintendant and those in charge and control of the said mines, large quantities of slate and stone lying about the vein of coal, and in the entry of said mines where the coal has been removed from, and in the entry where his duties called him, had become loose, unsafe, and dangerous, and was suffered and permitted to remain loose, dangerous, and unsafe to persons entering the said mines, and with no support thereunder." It is insisted that, in addition to this averment, there should have been one to the effect that the defendant knew of the unsafe and dangerous condition of the mines. It is charged that the mines were in that unsafe and dangerous condition by reason of the carelessness and negligence of the defendant. The right to recover is based upon a breach of duty of the defendant in allowing the mines to become unsafe and dangerous. It was the duty of the defendant to inspect the mines. In our opinion the averments of the petition are sufficient.

It is also claimed that the petition was defective because

there was no averment that the plaintiff did not know of the unsafe and dangerous condition of the mines, and could not have known it by the exercise of ordinary care. If the omission of this averment rendered the petition defective, it was cured by the answer, because it is there averred that the plaintiff had notice of the dangerous character of the roof where the injury was received, and he was notified not to place himself at that point. This is equivalent to charging that he had knowledge of the unsafe and dangerous condition of the mines.

In our opinion the court should have allowed the case to remain with the jury under proper instructions.

The judgment is reversed for proceedings consistent with this opinion.